UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

**FILED**

Re:

2012 FEB -8 A 9 09

FATEMEH NAJAFIAN
Plaintiff,

Case No. 09-18112, BFK
Chapter 7

CLERK
US BANKRUPTCY COURT
ALEXANDRIA DIVISION

Vs.

Adversary Case No: 11-01650-BFK

SALLIE MAE, INC., and
EDUCATIONAL CREDIT MANAGEMENT CORPORATION
Substituted for SALLIE MAE, INC. as of 01/24/2012
Defendants,

## CERTIFICATE REGARDING DISCOVERY

**(1):**
I, Fatemeh Najafian HEREBY CERTIFY that I served on Sallie Mae, INC. Request for Production of Documents including Original Promissory Notes in March 2010 in my MOTION filed in the Bankruptcy Court Case No. 09-18112, and Certificate of Notice including: Sallie Mae, INC. send No Response and No Appearance in the Hearing held in the U.S. Bankruptcy Court.

MS. Brenda Golembski
Sallie Mae, INC
220 Lasley Ave.
Wilkes Barre, PA. 18706
Tel: 570-821-3600 EXT 323

Mr. Kevin R. McCarthy, Esquire
Interim Trustee
1751 Pinnacle Dr. #1115
McLean, VA. 22102
Tel: 703-770-9261

Mr. W. Clarkson McDow, Jr. 11
U.S. Trustee, and
Mr. Frank Bove, Esq, and
MS. Martha Davis, Esq.
Office of The U.S. Trustee
115 South Union Street, Suite # P-210
Alexandria, VA. 22314
Tel: 703—557-7176
Fax: 703-557-7279

**(2):**
I, Fatemeh Najafian, the Plaintiff, HEREBY CERTIFY that I filed with Court and Served on Sallie Mae, INC. Request for Production of Documents on January 20, 2012, after filing of the Adversary Case No. 11-01650-BFK and prior to ORDER of January 24, 2012 of Bankruptcy Court granting Substitution of Sallie Mae, INC.                (1)

by: Educational Credit Management Corporation with Certificate of Notice
including to: Mr. Kevin R. McCarthy, Office of the U.S. Trustee, and Educational
Credit Management Corporation by Counsel Mr. Rand L. Gelber:

| | |
|---|---|
| MS. Brenda Golembski<br>Sallie Mae, INC<br>220 Lasley Ave.<br>Wilkes Barre, PA. 18706<br>Tel: 570-821-3600 EXT 323 | Mr. Kevin R. McCarthy, Esquire<br>Interim Trustee<br>1751 Pinnacle Dr. #1115<br>McLean, VA. 22102<br>Tel: 703-770-9261 |
| Mr. W. Clarkson McDow, Jr. 11<br>U.S. Trustee, and<br>Mr. Frank Bove, Esq. , and<br>Martha Davis, Esquire<br>Office of The United States Trustee<br>115 South Union Street Suit # P210<br>Alexandria, VA. 22314<br>Tel:   703-557-7176<br>Fax:  703-557-7279 | Mr. Rand L. Gelber, Esquire<br>One Church Street, Suite 802<br>Rockville, Md. 20850<br>Tel : 301-251-0202 X 16 , and<br>Tel:  301-251-0202  X 19<br>Fax: 301-241-0849 |

(3):
I HEREBY CERTIFY that Mr. Rand L. Gelber (and no one/entity else including
any Court) and for the first time presented me on January 24, 2012 in the
Courtroom of the U.S. Bankruptcy Court and just before the start of Hearing set for
9:30 AM, with a thirteen-page Document " **EDUCATIONAL CREDIT
MANAGEMENT CORPORATION'S FIRST SET OF INTERROGATORIES AND
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS  TO  PLAINTIFF**
which appears to have been  signed Electronically on December 28, 2011 which is
prior to being granted by the Court as Substitution for Sallie Mae, INC. on January
26, 2012 (Hearing was at 9:30 AM on January 24, 2012 in U.S. Bankruptcy Court
For Eastern District of Virginia, Alexandria Virginia.

(4):
I, Fatemeh Najafian, the Plaintiff, HERBY CERTIFY that I served the Defendant(s)
EDUCATIONAL CREDIT MANAGEMENT CORPORATION, by Counsel Mr.
Rand L. Gelber, One Church Street, Suite 802, Rockville, MD. 20850 and SALLIE,
MAE, INC. by Representative MS. Brenda Golembski: 220  Lasley Ave., Wilkes
Barre, PA. 18706; and with Certificate of Notice to the following:

| | |
|---|---|
| MS. Brenda Golembski<br>Sallie Mae, INC<br>220 Lasley Ave.<br>Wilkes Barre, PA. 18706<br>Tel: 570-821-3600 EXT 323 | Mr. Kevin R. McCarthy, Esquire<br>Interim Trustee<br>1751 Pinnacle Dr. #1115<br>McLean, VA. 22102<br>Tel: 703-770-9261 |
| Mr. W. Clarkson McDow, Jr. 11<br>U.S. Trustee, and<br>Mr. Frank Bove, Esq. , and | Mr. Rand L. Gelber, Esquire<br>One Church Street, Suite 802<br>Rockville, MD. 20850 |

(2)

Martha Davis, Esquire
Office of The United States Trustee
115 South Union Street Suite # P-210
Alexandria, VA. 22314
Tel:   703-557-7176
Fax:  703-557-7279

Tel : 301-251-0202 X 16, and
Tel:  301-251-0202  X 19
Fax: 301-251-0849

**A SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** . And that I will file the original of these Documents in the United States Bankruptcy Court For The Eastern District of Virginia, Alexandria Division in the Bankruptcy Case No. 09-18112-BFK, Adversary No. 11-01650-BFK and copies to be filed at any and all Appeal Courts; including The Supreme Court of The United States as the case may be.

02-08-2012
**Date**

Respectfully Submitted,

Fatemeh Najafian
8340 Greensboro Drive 322
McLean, VA. 22102
Tel:  703-203-3980

(3)

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

**FILED**

**2012 FEB -8 A 9 10**

Re:

FATEMEH NAJAFIAN
Plaintiff, (PRO SE)

Case No. 09-18112, BFK
Chapter 07

CLERK
US BANKRUPTCY COURT
ALEXANDRIA DIVISION

Vs.

Adversary Case No: 11-01650-BFK

SALLIE MAE, INC.
And
EDUCATIONAL CREDIT MANAGEMENT CORPORATION (ECMC)
Defendants,

## PLAINTIFF'S SET OF INTEROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

To:

Defendants:
SALLIE MAE, INC.
AND
EUDUCATIONAL CREDIT MANAGEMENT CORPORATION (ECME)
BY Counsel:
Mr. Rand L. Gelber, Esq.
One Church Street, Suite 802
Rockville, MD. 20850
Substituted for SALLIE MAE, INC as of 01/24/2012
And to:
MS. Brenda Golembski
SALLIE MAE, INC.
220 Lasley Ave.
Wilkes Barre, PA. 18706

PLEASE TAKE NOTICE THAT, that Fatemeh Najafian, (" Plaintiff"), pursuant to any and Rules and including 33, 34, and 36 of the Federal Rules of Civil Procedure, as made applicable by any and all Bankruptcy Rules including 7033, 7034, and 7036 *propounds to Educational Credit Management Corporation and Sallie Mae, INC, substituted for by Educational Management Credit Management Corporation* ("Defendants") this Set of Interrogatories (the "Interrogatories") and Requests for Production of Documents ("the Requests" <u>to be responded to by filing in the Bankruptcy Court Case No. 09-18112-BFK, Adversary No. 11-01650 under oath within thirty days after service hereof with Certificate of Notice to all parties involved, including the Plaintiff.</u> These Interrogatories and Requests <u>are continuing</u>

(4)

in nature and required to supplemental if additional information is obtained. PLEASE TAKE NOTICE that Sallie Mae, INC. has not yet responded to Plaintiff's prior requests including March 2010, and January 20, 2012 Requests.

**PLEASE TAKE NOTICE THAT THESE DOCUMENT HAVE BEEN PREPARED UNDER MUCH LIMITATION AND PLAINTIFF BEING THE TARGET OF A STRESS MARATHAN WHICH THE PLAINTIFF WILL ELEBORATE AT A LATER DATE.**

## DEFINITIONS

As used in the Interrogatories and Requests, the following terms are ascribed the following meanings, consistent with reason, good faith, discovery of the truth and "Equal Justice".

1.

"Fatemeh Najafian", OR "PLAINTIFF", means Plaintiff in this adversary case, and all persons, entities acting or purporting to act on Plaintiff's behalf be it voluntary or by order of the court, and or subpoena.

2.

"Sallie Mae, INC." OR "DEFENDANTS" substituted by "Educational Credit Management Corporation", "ECMC", substituted for Sallie Mae, INC. as of 01/24/2012, means defendants in this adversary case, and all persons, entities acting or purporting to act on defendants' behalf.

3.

The term "document" and "documents" include writings of any kind, original and reproduction (except for originally signed promissory Notes by the Plaintiff during the years of Plaintiff's Medical Education when, and only when the actual borrowing took place, forbearances, Deferments, and Consolidations), telephone recorded conversations and their transcripts, camera evidence of plaintiff at the Sallie Mae, INC lobby located in Reston Virginia (last time on 8-14-2009).

4.

The term "communication" and "communications" written or verbal, including on the phone, faxes, and if other than facts verified by "polygraphing" to establish the truth and good faith.

5.

The term "account", "loan" "loan numbers" shall include without limitation,

any and all starting from the only and actual borrowings by the plaintiff.

6.
"The term "payment", "payments" to the plaintiff and from the plaintiff shall include, without limitation, any form including withholding of plaintiff's taxes, and "tax bonuses" by the government to the plaintiff credited towards repayment of plaintiff's student loans.

7.
The term "identify" shall include without limitations any and all involved in any way form and shape in the lending to plaintiff.

8.
The term "responsibility" shall include legal, moral and ethical.

9.
The phrase " cause harm" shall include directly, indirectly, actively, or by way of inactivity, and negligence.

10.
The term "standard" shall include the "the norm of doing business" and level of responsibility.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please, Identify all for profit and non-profit, private and public, Federal and State governmental and non-governmental institutions, entities, have been involved in any form in plaintiff's Medical Education Student Loans with their names, trade name and numbers, registrations, jurisdictions over them, their roles, and responsibilities legally, professionally, morally, and ethically.

**INTERROGATORY NO. 2:** Please, Identify any and all listed in INTERROGATORY NO. 1 that defendants may call as witnesses at trial and summarize their testimony and if challenged would be willing to undergo "polygraphing" if the plaintiff would be willing to do so as well.

**INTERROGATORY NO. 3:** Please, Identify any and all lenders, guarantors, lender-servicer, servicers have been involved in plaintiff's Medical Education Student Loans from day one to present time.

**INTERROGATORY NO. 4:** Please, Identify the cause of misrepresentation by Sallie Mae, INC. and ECMC for substitution of CEMC for Sallie Mae, INC. since the reason that the ECMC Motion was based on was "default" of plaintiff, and as it has been expressed repeatedly by the plaintiff both in writing and in the Hearing held on 01/24/2012, **plaintiff was not in default** at the time of filing for bankruptcy on 10-02-2012.

(6)

<u>INTERROGATORY NO. 5:</u>   Please, Identify the cause of ECMC and Sallie Mae, INC misrepresentation including INTERROGATORY NO. 4, and obstruction of plaintiff by ECMC preparing the FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF on

December 28, 2012 before any Hearing or substitution being granted. And CEMC presenting plaintiff in the courtroom on 01/24/2012 with this thirteen page document for the first time, demanding Response and Production of Documents thirty days from December 28, 2012.

<u>INTERROGATORY NO. 6:</u>   Please, Identify governmental and non-governmental agencies that oversee the ECMC, Sallie Mae, INC and all others involved in plaintiff's student loans.

<u>INTERROGATORY NO. 7:</u>   Please, Identify any and all governmental, non-governmental agencies, for profit and non-profit that supervise these proceedings to make sure that demands made by CEMC in Interrogatories, and production of documents and information from the plaintiff is in fact in good faith and for the purpose of establishing UNDUE HARDSHI and not creating additional Hardship, when plaintiff's life has brought down to its bare ability to live.

<u>INTERROGATORY No. 8:</u>   Please, Identify any and all lawsuits, adversarial proceedings. Litigations brought against defendants: SALLIE MAE, INC. and its substitute ECMC (on 01/24/2012):
A:   The nature and outcome summary of each case.
B:   In cases filed to establish "dischargeability" of student loans:
  (i)    How many cases ECMC MOTIONED to be the Substitute for Sallie, Mae, INC and any other lender and loan servicer?
  (ii)   How many of these cases were granted and on what grounds?
  (iii)  How many cases were denied and on what grounds?
  (iv)  What level of Interrogatories and Requests for Production of Documents made in Student Loan Dischargeability cases for UNDUE HARDSHIP?

<u>INTERROGATORY NO. 9:</u>   Please, Identify in the plaintiff's:
Case No. 09-18112-BFK: Chapter 07, Adversary No. 11-01650 BFK;
If defendants: Sallie Mae, INC. substituted by ECMC on 01/24/2012, their employees, representatives and legal Counsels are with access to Courts' files (Bankruptcy Court and Courts of Appeals, . . .), documents electronically and/or otherwise?

<u>INTERROGATORY NO. 10:</u>   Please, Identify cases that Sallie Mae,INC. has been granted substitution by ECMC when plaintiff at the time of filing for bankruptcy has not been in default, and Sallie Mae has failed to notify the

(7)

Bankruptcy Court, Appeals Courts, or any other Court involved, interim Trustee(s), Office of the U.S. Trustee, Plaintiff of its being Creditor.

**INTERROGATORY NO. 11:** Please, Identify the following for the defendants: Sallie Mae, INC. and ECMC and any other entity that were and will be involved in any form or shape in the case:
Sallie Mae, INC business/trade name(s), and as what, where incorporated, incorporation ID number, License Numbers, and Jurisdiction of Courts relevant to plaintiff.

**INTERROGATORY NO. 12:** Please, Identify the reasons for Consolidations with renaming and numbering of the original loans which repeatedly plaintiff was forced to agree to.

**INTERROGATORY NO. 13:** Please, Identify as to why Sallie Mae,INC. would Not purchase a part of plaintiff's student loans at offered reduced rates twice?

**INTERROGATORY NO. 14:** Please, Identify and give reasons as to why defendants Sallie Mae, INC. and its substitutions refused to meet with plaintiff face to face, and business is done on the phone under very stressful and provocative confrontational and hostile atmospheres, with multiple and long periods on holds and many times being disconnected, the person not available – and refusing to meet with plaintiff even when she agreed to go to Pennsylvania. The name Department of Education used as additional intimidation and when plaintiff was connected it ended up being connected to Sallie Mae, INC. in India with limited information on loans. PLEASE TAKE NOTATION that many of the individuals from India speaking with plaintiff were at least respectful, and many times would have to connect plaintiff to Sallie Mae, INC. in America but ending up disconnected.

**INTERROGATORY NO. 15:** Please, Identify as to why Sallie Mae, INC and despite repeated requests and pleading from plaintiff would not offer any arrangement of any kind except Forbearances with high and quarterly compounded interest rates? And why plaintiff was offered only once a program only being told that she to pay $1,000.00/month for loans 1-15 and $1,000.00/month for loan #16, and at that time the plaintiff was already bankrupt and gone into her retirement funds, and she was declared not qualified and once again given the only and only option of yet another Forbearance (8/14/2009).

**INTERROGATORY No. 16:** Please, Identify as to why repeated efforts of plaintiff to give service in her field for repayment was denied.

(8)

**INTERROGATORY NO. 17:**    Please , Identify in GOOD FAITH who has suffered more losses the defendant(s), or the plaintiff?  Plaintiff's education and talents and life has been allowed to go to waste – there has been so much adversities and adversarial actions against the plaintiff that the defendant(s) have been standing still, inactive and negligent even when repeatedly plaintiff informed Sallie Mae and others of her being prevented from working.
Please Identify if the defendant(s) would write off the losses in the tax report, where should the plaintiff to recover the losses she has been subjected to for so much and such a long time.

**INTERROGATORY NO. 18:**    Please Identify if the defendant(s) cares about the life of innocent individuals like the plaintiff, and has any regard for the years and energy invested to become a physician especially in the case of this particular plaintiff and the mountains that she had to climb to get there and become a physician and with specialization (OPHTHALMOLOGIST) and subspecializing (GLAUCOMA), AND MORE.

**INTERROGATORY NO. 19:**    Please Identify the Original names of the loans and the reasons for CONSOLIDATIONS and change in the names of the loans .

**INTERROGATORY NO. 20:**    Please Identify the <u>original principals</u> of the loans and the <u>total interests</u> these loans have been subjected to since the times the plaintiff borrowed the loans during the years of her Medical Education.

**INTERROGATORY NO. 21:**    Please Identify the purpose of the INTERROGATORIES AND REQUEST FOR DOCUMENTS by the defendant(s) for periods of life and education unrelated and not included in this action which is the plaintiff Medical Education Loans.

**INTERROGATORY NO. 22:**    Please Identify if the defendant(s) is/are biased against individuals going to graduate school first and Medical School?

**INTERROGATORY NO. 23:**    Please Identify the ways defendant(s) acted on prevention of losses and damages to the plaintiff.

**INTERROGATORY NO. 24:**    Please Identify the reasons Sallie Mae, INC. and ECMC and all others with interest in these loans did not Object to interim trustee of the Bankruptcy case of the plaintiff (09-18112) abandoning damage claim of the plaintiff and did not support other options requested by the plaintiff in the case to recover from the damages.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(9)

## DOCUMENTS TO BE PRODUCED

These Requests are made in accordance with the provisions of any and all Rules of the Federal Rules of Bankruptcy and Adversary Procedures, and upon grounds that all of the things, Documents and/or other evidence requested are not privileged and are relevant to the case. subject matter of this action and reasonably and in good faith, and/or reasonably calculated to lead to the discovery of the truth, and admissible evidence that plaintiff borrowed during her medical education years and fulfilled the requirements of both, no waste or abuse of loans, becoming a Medical Doctor (M.D.), and specializing in in Ophthalmology and sub-specializing in Glaucoma in a field highly competitive to be selected and admitted to study in the field only facing constant hardship and repeated prevention of employment, despite the much needed field, and Sallie Mae, INC being repeatedly informed of this waste and destruction, yet being silent and not informing anyone or any organization, and simply walking away from its responsibilities both legal, ethical and moral by injustice and waste of education and training and plaintiff's best years of life ending up with no income, no job for almost six years this time around, essentially no retirement or saving living in a vegetative state on $200.00/month food stamps. Plaintiff and her education and her expertise was the assets of the lender, and Sallie Mae, INC. like many others just stood by and allowed the "burning", and destruction of the plaintiff and her education – which the money was borrowed for only and only. And going beyond turning a blind eye and treating the plaintiff as if she were a "slave" with threats, disrespect. And after making much money simply being allowed to walk away, and be substituted for based on false statements.

PLAESE TAKE NOTICE THAT, plaintiff, has requested from Sallie Mae, INC. many of Documents prior to, and during the bankruptcy and post filing this Adversary case against Sallie Mae, INC prior to Hearing on 01/24/2012.

REQUEST NO. 1: All Documents identified in Defendants Sallie Mae, INC. and Its Substitute ECMC responses to the Set of Interrogatories propounded by plaintiff To Sallie Mae, INC and ECMC previously served on both Sallie Mae, INC, and ECMC including but not limited to all Original Promissory Notes when the plaintiff Studying Medicine, <u>deferments, forbearances, consolidations, purchase of loans from all other organizations, entities, agencies, companies, Consolidations, payments by the plaintiff and all other organizations, agencies, companies,</u>

REQUEST NO. 2: All Documents which constitute, memorialize, or evidence the " student Loans" in this action are and are essentially interest on interest, resulting even during the periods of employment of plaintiff in only Sallie Mae, INC. and others enjoying the fruits of plaintiff years of long hours of study and sleepless nights both during her education and her employment. And the plaintiff's life on hold and ending up in below absolute poverty and "vegetative –

like-life" style, buried under piles of papers and legal documents for years.
Such Documents shall include, but not be limited to the ORIGINAL FIRST
PROMISSORY NOTES *for each loan during plaintiff's Medical Education,
Deferments*, under threat Forbearances, Forced Consolidations, accounting books,
and records showing money paid by the plaintiff, federal incomes tax returns and
bonuses taken towards plaintiff's student loans.
Documents: INCLUDING TAPED TELEPHONE CONVERSATIONS that
plaintiff asked and pleaded repeatedly for other options INCLIDING
Service/work for repayment, reduced and offered discounted purchase and
settling of the loans

**REQUEST NO. 3:** All Documents identifying the actual Original PRINCIPALS of the loans borrowed by the plaintiff during her Medical Education, and interests these PRINCIPALS were subjected to.

**REQUEST NO. 4:** All Documents identifying the payments towards these loans

by plaintiff or on plaintiff's behalf and all taxes and tax bonuses taken from the plaintiff in the name of payments of her student Medical Education loans from the conception of these loans.

**REQUEST NO. 5:** All tax Documents states and Federal of the defendant(s) From the last ten years.

**REQUEST NO. 6:** All Documents for the income and states and Federal taxes of the CEO(S) of the defendant(s), the value of the homes and other assets, and debts.

**REQUEST NO. 7:** All Documents and summary cases of adversarial cases for discharge of " Student Loans" against the defendant(s).

**REQUEST NO. 8:** All Documents in adversarial cases ( Request NO. 7) that could be used for comparison of intensities of INTERROGATORIES and RERQUESTS FOR DOCUMENTS (Request NO. 7)

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
CERTIFICATE OF NOTICE AND THE LISTED ATTACHED
*************************************************************************

Respectfully Submitted,
_____  Filed on  02-08-2012
Fatemeh Najafian (PRO SE)
8340 Greensboro Drive #322
McLean, Virginia 22102
Tel: 703-203-3980

(11)

## CERTIFICATE OF NOTICE

I, Fatemeh Najafian, Plaintiff/Debtor, Certify that a true copy of this Attached Document was served by regular/First Class mail this 02th day of February, 2012 on the following:

MS. Brenda Golembski
Sallie Mae, INC
220 Lasley Ave.
Wilkes Barre, PA. 18706
Tel: 570-821-3600 EXT 323

Mr. W. Clarkson McDow, Jr. 11
U.S. Trustee, and

Martha Davis, Esquire
Office of The United States Trustee
115 South Union Street Suit # P210
Alexandria, VA. 22314
Tel: 703-557-7176
Fax: 703-557-7279

Mr. Kevin R. McCarthy, Esquire
Interim Trustee
1751 Pinnacle Dr. #1115
McLean, VA. 22102
Tel: 703-770-9261

Mr. Rand L. Gelber, Esquire
One Church Street, Suite 802

Rockville, MD 20850
Tel: 301-251-0202 X 16, & X 19
Fax: 301-241-0849

Documents: Plaintiff's Certificate Regarding Discovery (3 pages) (Page 1-3)
Plaintiff's Set of Interrogatories
and Requests for Production
of Documents To
Defendants (P.3-13)

FATEMEH NAJAFIAN
Plaintiff (PRO SE)
8340 Greensboro Drive # 322
McLean, Virginia 22102
Tel: 703-203-3980

(14)